OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated September 21, 2011, containing eight charges of professional misconduct. Following a hearing, the Special Referee sustained all eight charges. The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the Grievance Committee’s motion and requests that the charges be dismissed. Alternatively, the respondent requests that any discipline be limited to a public censure. We find that the Special Referee properly sustained charges one through four and six through eight. However, we find that the Special Referee improperly sustained charge five, and that charge five should not have been sustained based upon the evidence adduced.
The instant charges emanate from the respondent’s representation of Mr. and Mrs. Chaim Koppelman in connection with the sale and purchase of real property in New York City between in or about 2007 and July 2009. Relative thereto, the respondent maintained funds on behalf of the Koppelmans in a subaccount of his master escrow account at JPMorgan Chase Bank entitled “Ian Polow Esquire Trust Account.” In or about February 2009, the respondent simultaneously maintained funds on behalf of another client in his master escrow account (hereinafter attorney escrow master account) at JPMorgan Chase Bank.
Charge one alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of former *21 Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), now Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). On or about February 13, 2009, the respondent made a disbursement from his attorney escrow master account relating to the Koppelmans in the amount of $7,000 by online transfer to the personal account that the respondent holds jointly with his wife. At the time that the respondent made this disbursement, he failed to ensure that he had adequate funds on deposit in his attorney escrow master account relating to this disbursement.
With respect to charge one, we find that the respondent failed to transfer funds from the Koppelman subaccount to his attorney escrow master account, resulting in the unintended invasion of funds held in the respondent’s attorney escrow master account on behalf of another client. Accordingly, we find that the Special Referee properly sustained charge one.
Charge two alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). On or about July 14, 2009, the respondent issued check No. 1535 in the amount of $20,000 from his attorney escrow master account, payable to the New York City (NYC) Department of Finance, in payment of a mansion tax on behalf of the Koppel-mans. On or about December 9, 2009, the NYC Department of Finance attempted to negotiate check No. 1535, but it was returned as a result of insufficient funds. At the time that the NYC Department of Finance attempted to negotiate check No. 1535, the balance on deposit in the respondent’s attorney escrow master account was $94.12. In fact, the balance on deposit in the respondent’s attorney escrow master account had been depleted as of September 21, 2009, when the balance was only $16,894.12.
With respect to charge two, we find that the respondent failed to ensure that sufficient funds were on deposit in his attorney escrow master account between on or about July 14, 2009 and December 9, 2009, such that check No. 1535 would clear when presented for payment. Further, we find that the insufficiency of funds was attributable to the respondent’s disbursement of fees to himself with respect to his representation of the Koppel-mans (see charge three). Accordingly, we find that the Special Referee properly sustained charge two.
Charge three alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of *22 former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). On or about January 20, 2009, the respondent caused an online transfer from his attorney escrow master account to his operating account, in the amount of $10,000. At or about that time, the respondent also caused an online transfer from his attorney escrow master account to the personal account that he holds jointly with his wife, in the amount of $2,000. On or about February 2, 2009, the respondent caused an online transfer from his attorney escrow master account to the personal account that he holds jointly with his wife, in the amount of $1,000. On or about February 9, 2009, the respondent caused an online transfer from his attorney escrow master account to the personal account he holds jointly with his wife, in the amount of $1,000. On or about February 13, 2009, the respondent caused an online transfer from his attorney escrow master account to the personal account he holds jointly with his wife, in the amount of $7,000. The respondent did not have authorization to make the foregoing online transfers from his attorney escrow master account.
With respect to charge three, we find that the respondent made disbursements to himself from the funds he was holding on behalf of the Koppelmans, as and for the payment of legal fees. However, these disbursements were made before the Koppelman real property transactions were concluded. While the respondent believed he had implicit authorization to make these disbursements, we find no evidence that the disbursements were explicitly authorized. The foregoing reflects adversely on the respondent’s fitness as a lawyer. Accordingly, we find that the Special Referee properly sustained charge three.
Charge four alleges that the respondent neglected a legal matter entrusted to him, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b). By letter dated January 10, 2010, the Grievance Committee advised the respondent that a sua sponte complaint had been authorized against him as a result of escrow check No. 1535 having been dishonored on or about December 9, 2009, due to insufficient funds (see charge two). The respondent failed to reissue a check to the NYC Department of Finance, in payment of client Koppelman’s mansion tax, until on or about March 28, 2011, 14 months after being placed on notice of the dishonored check.
With respect to charge four, we find that the respondent’s failure to promptly reissue a check to the NYC Department of *23 Finance, after being placed on notice of the dishonored check, constitutes neglect of a legal matter entrusted to him. Accordingly, we find that the Special Referee properly sustained charge four.
Based upon the evidence adduced, we find that the Special Referee improperly sustained charge five.
Charge six alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). The respondent failed to identify his attorney escrow master account checks and deposit slips as “Attorney Special Account,” “Attorney Trust Account,” or “Attorney Escrow Account.”
With respect to charge six, we find that the respondent was required to identify his attorney escrow master account checks and deposit slips as “Attorney Special Account,” “Attorney Trust Account,” or “Attorney Escrow Account” in accordance with former Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (b) (2). The respondent’s failure to identify his attorney escrow master account checks and deposit slips, as required, reflects adversely on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). Accordingly, we find that the Special Referee properly sustained charge six.
Charge seven alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). On or about February 9, 2009, the respondent failed to note that he had only $1,000 on deposit in his attorney escrow master account on behalf of the Koppel-mans. On or about February 13, 2009, the respondent disbursed $7,000 by online transfer from his attorney escrow master account to his personal bank account, relating to the Koppelmans. The respondent did not have sufficient funds on deposit in his attorney escrow master account to make the disbursement. In or about August 2009, and again in or about September 2009, the respondent failed to reconcile his attorney escrow master account or note that check No. 1535 had not been tendered for *24 payment (see charge two). As of September 21, 2009, the respondent failed to note that there were insufficient funds in his attorney escrow master account to pay check No. 1535. On September 21, 2009, the respondent’s attorney escrow master account balance was $16,894.12. In or about October 2009, the respondent failed to reconcile his attorney escrow master account or note that check No. 1535 had not been tendered for payment. Furthermore, the respondent failed to note that there were insufficient funds in his attorney escrow master account to pay check No. 1535. On October 30, 2009, the respondent’s attorney escrow master account balance was $3,094.12. In or about November 2009, the respondent failed to reconcile his attorney escrow master account or note that check No. 1535 had not been tendered for payment. Furthermore, the respondent failed to note that there were insufficient funds in his attorney escrow master account to pay check No. 1535. On November 30, 2009, the respondent’s attorney escrow master account balance was $94.12.
With respect to charge seven, we find that the respondent had an affirmative obligation to maintain the books and records for his attorney escrow master account in accordance with former Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d). Had he done so, he would have been aware that check no. 1535 had not been presented for payment between in or about July 14, 2009 and December 9, 2009. Moreover, to the extent that the respondent did not have sufficient funds on deposit to make the disbursement, we find this fact to be attributable to the respondent’s disbursement of legal fees to himself with respect to his representation of the Koppel-mans (see charge three). This reflects adversely on the respondent’s fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). Accordingly, we find that the Special Referee properly sustained charge seven.
Charge eight alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). The respondent represented the Koppelmans in the sale and purchase of real property in New York City. The respondent received a legal fee of approximately $10,000. The respondent failed to provide the Koppelmans with a written letter of engagement pursuant to 22 NYCRR part 1215.
*25 We find that the respondent had an obligation to enter into a written letter of engagement, for a fee in excess of $3,000, relative to his representation of the Koppelmans between in or about 2007 and July 2009, pursuant to 22 NYCRR 1215.1 (eff Mar. 4, 2002). The respondent’s failure to enter into a written letter of engagement, as required, reflects adversely on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). Accordingly, we find that the Special Referee properly sustained charge eight.
In view of the respondent’s admissions, and the evidence adduced., we conclude that the Special Referee properly sustained charges one through four, and six through eight. However, we find that the Special Referee improperly sustained charge five, and that charge five should not have been sustained based upon the evidence adduced. Accordingly, the Grievance Committee’s motion to confirm the report of the Special Referee is granted as to charges one through four and six through eight.
In determining an appropriate measure of discipline to impose, we find that the respondent’s conduct was not the result of venality. Additionally, we have considered the respondent’s full cooperation and candor with the Grievance Committee, his statements of remorse and accountability, his stated health problems, and his lack of any prior disciplinary history.
Under the totality of the circumstances, the respondent is publicly censured for his professional misconduct.
Eng, EJ., Mastro, Rivera, Skelos and Austin, JJ., concur.
Ordered that the petitioner’s motion to confirm the report of the Special Referee is granted as to charges one, two, three, four, six, seven and eight, and the motion is otherwise denied; and it is further,
Ordered that the respondent, Ian L. Polow, admitted as Ian Leslie Polow, is publicly censured for his professional misconduct.